UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VONDA L. SIMMONS,

      Plaintiff,

-vs-                Case No. 6:05-cv-924-Orl-31JGG

D'FAITHFUL TRANSPORTATION, INC.,
WALTER DIXON & VONYA F. DIXON,

      Defendants.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

  This cause came on for consideration on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS (Doc. No. 16)** |
| **FILED:** | October 14, 2005 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

  Plaintiff Vonda L. Simmons sued Defendants for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), for allegedly failing to pay her overtime wages. Defendants failed to respond to the complaint. Plaintiff moved for entry of Clerk's default against Defendant D'Faithful Transportation, Inc. On August 22, 2005. Docket No. 9. The Court granted the motion and the Clerk entered the default on August 23, 2005. Docket Nos. 10, 11. Plaintiff next moved for entry of Clerk's default against Defendants Walter and Vonya F. Dixon. Docket No. 12. The Clerk entered default against the Dixons on September 23, 2005. Docket No. 15.

Pending before the Court is Plaintiff's motion for final default judgment against all Defendants. Docket No. 16. Because neither the entry of the Clerk's defaults nor the motion were served on Defendants, the Court ordered the Clerk to serve them upon Defendants along with the notice of the hearing on the motion. Docket No. 19. The notice of the hearing stated that Plaintiff was to be prepared to present evidence regarding the amounts claimed and the reasonableness of the attorneys' fees sought. On November 16, 2005, the Clerk served upon Defendants the notice of hearing, motion for final default judgment and the Clerk's entries of default. Only Plaintiff's counsel, N. James Turner, appeared at the hearing held on December 5, 2005.

At the hearing, Plaintiff's counsel informed the Court of correspondence he received from Walter Dixon. The Court accepted the correspondence into evidence as Exhibit 2. The document, dated November 17, 2005, reads as follows:

> To whom it may concern, Vonda Simmons, agreed to settle out of court her overtime pay consisting of 240 hours at $5.00 an hour, total amount due was 1203.00. She was paid in installments with the balance being paid in full today.

The document is signed purportedly by Vonda Simmons, Vonya Dixon and Samantha Hicks as a witness. The purported settlement was not presented to the Court for approval.

Plaintiff's counsel stated he has unsuccessfully tried to contact his client. Mr. Turner requests that the Court grant the motion for final default judgment as to Plaintiff's overtime claim and his claim for attorneys' fees. Mr. Turner argues that any partial payment made to Plaintiff of the monies that are due pursuant to the lawsuit could be set-off against the judgment.

I.  THE LAW

   A.      **Default Judgment**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a). Rule 55 (b)(2) further provides:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). *citing Nishimatsu*, 515 F.2d at 1206. A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987), *citing Nishimatsu*, 515 F.2d at 1206.

### B. Approval of Settlements

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

See *Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

### C. Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1]

Even a contested request for attorneys' fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

qualifications and skill. *See id.* at 433, 437. Further, fee counsel must "supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Id.* at 1299. Where the documentation is inadequate, the district court must still determine a reasonable fee, which it may do without further pleadings or an evidentiary hearing. *Id.* at 1303. This is because the court itself is an expert on the question and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

## II. APPLICATION

### A. Plaintiff's Claim for Overtime Wages

Plaintiff's complaint alleges that she is entitled to overtime wages under the FLSA. Complaint, Docket No. 1 at ¶1. The FLSA provides in pertinent part that employers are required to

pay nonexempt employees at the rate of one and one-half times their regular hourly rate for all hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1).

Plaintiff alleges that Defendant D'Faithful Transportation, Inc. employed her and it is covered by the FLSA. Complaint, Docket No. 1 at ¶12. The Complaint also alleges that Defendants Walter and Vonya F. Dixon were the officers, directors, and shareholders/owners of D'Faithful. ¶¶ 7, 10. Plaintiff alleges that the Dixons substantially controlled Plaintiff's work and, therefore, were statutory employers pursuant to 29 U.S.C. § 203(d).

Plaintiff's affidavit filed in support of her motion states that she worked for Defendants from February 12, 2005, to June 10, 2005, as a driver. During this time, Plaintiff estimates that she worked 25 hours per week in overtime. Plaintiff further attests that her regular hourly rate was $10.00 per hour. Plaintiff's affidavit further states that she was not paid time-and-a-half for the hours worked in excess of 40 hours per week. Docket No. 16-2. The Complaint alleges that D'Faithful's failure to pay overtime was a willful violation of the FLSA. Complaint, Docket No. 1 at ¶ 13.

The Court finds that the occupation of driver is one that is typically not exempt from the overtime provisions of the FLSA and that Plaintiff states a cause of action under the FLSA. *See* 29 U.S.C. § 213. The record reflects that Defendants were served with the summons and complaint (Docket Nos. 8, 13, 14), and that they failed to respond to the complaint.

The Plaintiff has presented sufficient evidence for the Court to calculate a judgment. The Court interprets Plaintiff's affidavit as meaning that she received straight-time pay for all hours worked, and only seeks the additional one-half of her regular hourly rate for overtime. The time period between February 12-June 10, 2005, is seventeen weeks. Seventeen weeks multiplied by 25

hours per week equals 425 hours of overtime worked. Four hundred twenty-five hours multiplied by $5 per hour (1/2 of Plaintiff's regular hourly rate) equals $2,125.

The FLSA also provides for liquidated damages in an amount equal to the unpaid overtime. 29 U.S.C. § 216(b). Plaintiff's complaint alleges that Defendant D'Faithful Transportation willfully violated the FLSA, by inference arguing that Defendant has no defense to the liquidated damages provision. Complaint, Docket No. 1 at ¶ 13. Plaintiff, therefore, is entitled to an additional $2,125 for liquidated damages.

The question remains whether Plaintiff's purported settlement has any effect upon this motion. The purported settlement in the amount of $1,203.00 clearly was a compromise of Plaintiff's claim. Under the FLSA, the parties were required to present the settlement to the Court for approval. The document reflecting the settlement is insufficient for the Court to evaluate the fairness of the settlement. The body of the document does not even identify which of the Defendants are parties to the settlement. The Court finds that the purported settlement entered into by Plaintiff is ineffective as a matter of law, and that the motion for final default judgment should be granted.

**B.     Plaintiff's Claim for Attorneys' Fees**

Plaintiff's motion for final default judgment also seeks an award for attorneys' fees using the lodestar method. Although Plaintiff agreed to compensate Mr. Turner on a contingency fee basis at the rate of 40% of the amount recovered, the case law interpreting the meaning of "reasonable" attorneys' fees under the FLSA usually employs the lodestar method. The Court finds the lodestar method is appropriate in this case.

Mr. Turner also has submitted sufficient evidence to support his rate of $275 per hour, and the 9.1 hours spent on this case was both reasonable and necessary. Docket No. 16-3. The Court, therefore, should award attorney's fees in the amount of $2,502.50.

Accordingly, it is **RECOMMENDED** that Plaintiff's motion for final default judgment (Doc. No. 16) against Defendants be **GRANTED**.

It is **FURTHER RECOMMENDED** that Plaintiff be awarded $2,125.00 in unpaid overtime compensation, $2,125.00 in liquidated damages, and $2,502.50 in attorney's fees and costs, for a total amount of $6,752.50 against Defendants who are jointly and severally liable. Defendants are entitled to set-off against the judgment any amounts they have paid to Plaintiff regarding this claim.

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on December 5th, 2005.

_____
James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

The Honorable Gregory A. Presnell
Counsel of Record
Unrepresented Parties: D'Faithful Transportation, Walter Dixon and Vonda F. Dixon, 181 Oxford Rd., Ste. 121, Casselberry, FL 32730.
Courtroom Deputy